# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| MARIO ANTON LEE, | : | |
|---|---|---|
| Petitioner | : | CIVIL ACTION NO. 3:19-250 |
| v. | : | (JUDGE MANNION) |
| UNITED STATES OF AMERICA, | : | |
| Respondent | : | |

## MEMORANDUM

Pending before the court is the report of United States Magistrate Judge Caroline Mehalchick which recommends that the habeas corpus petition pending in the above-captioned matter be dismissed. (Doc. 5).[1] The petitioner has filed objections to Judge Mehalchick's report. (Doc. 6). Upon review of the record in this action, the report of Judge Mehalchick will be adopted in its entirety, the petitioner's objections will be overruled and the instant petition will be dismissed.

By way of relevant background, in March 2001, the petitioner was convicted in the United States District Court for the Northern District of Alabama of one count of conspiracy to distribute cocaine base in violation of

---

[1] The court notes that the petitioner has a second habeas petition pending before the court in Lee v. U.S.A., Civil Action No. 3:19-235. By separate memorandum and order dated this same day, that petition is being dismissed as well.

21 U.S.C. §§846 and 841(b)(1)(C), one count of possession with intent to distribute heroin in violation of 21 U.S.C. §§841(a)(1) and 841(b)(1)(C), one count of possession with intent to distribute marijuana in violation of 21 U.S.C. §§841(a)(1) and 841(b)(1)(D) and three counts of money laundering in violation of 21 U.S.C. §1956(a)(1)(A)(i). See United States of America v. Lee, et al., United States District Court, Northern District of Alabama, Southern Division, No. 2:00-CR-347. The petitioner was sentenced on June 7, 2001 to 105 years of imprisonment. The petitioner filed a direct appeal in the United States Court of Appeals for the Eleventh Circuit. On October 15, 2001, the petitioner's conviction and sentence were affirmed.

In December 2003, the petitioner filed a motion to vacate his sentence pursuant to 28 U.S.C. §2255. The petitioner's motion was denied on September 19, 2006, as was a certificate of appealability. See Lee v. United States, United States District Court, Northern District of Alabama, Southern Division, Civil Action No. 2:03-8039. The petitioner sought permission under 28 U.S.C. §2244(b)(3)(A) from the Eleventh Circuit to file a second or successive §2255 petition; however, said permission was denied.

On February 13, 2019, the petitioner filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2241, in which he challenges his conviction and sentence in the Northern District of Alabama. (Doc. 1). The

petitioner argues that the sentencing court erred by imposing a sentence that exceeded the statutory maximum allowed by Congress. Construing the petition liberally, Judge Mehalchick found that the petitioner also claims that he is actually innocent of the crimes with which he has been charged, that his sentence was imposed in violation of his Fifth Amendment right to due process, and that the court lacked subject matter jurisdiction to impose his sentence.

As provided by Judge Mehalchick:

> Under §2241, a federal prisoner may challenge the *execution* of his sentence - such as a claim concerning the denial or revocation of parole, or the loss of good-time credits - in the district court for the federal judicial district where the prisoner is in custody. *See* 28 U.S.C. §2241(a); *Rumsfeld v. Padilla*, 542 U.S. 426, 443-44 (2004); *Coady v. Vaughn*, 251 F.3d 480, 485 (3d Cir. 2001). To challenge the *validity* of his sentence, however, a federal prisoner must instead file a §2255 motion in the sentencing court, "a court already familiar with the facts of the case." *See Boumediene v. Bush*, 553 U.S. 723, 774-75 (2008); *see also Swain v. Pressley*, 430 U.S. 372, 378 (1977) ("[Section] 2255 created a new postconviction remedy in the sentencing court and provided that a habeas corpus petition may not be entertained elsewhere."); *Brown v. Mendez*, 167 F.Supp.2d 723, 726 (M.D.Pa. 2001) ("As a general rule, a §2255 motion 'supersedes habeas corpus and provides the exclusive remedy' to one in custody pursuant to a federal court conviction.") (quoting *Strollo v. Alldredge*, 463 F.2d 1194, 1195 (3d Cir. 1972) (per curiam)). "Only if it is shown that a §2255 motion 'is inadequate or ineffective to test the legality of . . . detention,' may a federal inmate resort to §2241 to challenge the validity of the conviction or sentence." *Brown*, 167 F.Supp.2d at 726; *see also* 28 U.S.C. §2255(e); *Litterio v. Parker*, 369 F.2d 395 (3d Cir. 1966) (per curiam) ("It is firmly established that the remedy available to a

3

> federal prisoner under §2255 is exclusive in the absence of a showing that such remedy 'is inadequate or ineffective to test the legality of (the prisoner's) detention.'").

(Doc. 5, pp. 3-4).

The Third Circuit has only applied the "inadequate or ineffective" savings clause provision found in §2255(e) in the rare situation where an intervening change in law has decriminalized the actions underlying the prisoner's conviction. Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002) (citing Dorsainvil, 119 F.3d at 251). A §2255 motion is inadequate "when a petitioner asserts a claim of 'actual innocence' on the theory that 'he is being detained for conduct that has subsequently been rendered non-criminal by an intervening Supreme Court decision' . . . but is otherwise barred from challenging the legality of the conviction under §2255." United States v. Tyler, 732 F.3d 241, 246 (3d Cir. 2013) (quoting Dorsainvil, 119 F.3d at 252. This savings clause is confined to claims of actual innocence of the underlying offense of conviction, not innocence of a sentencing factor. "Section 2241 is not available for intervening changes in the sentencing law" as such alterations would not render the crime for which the prisoner was convicted non-criminal. United States v. Kenney, 391 Fed.Appx. 169, 172 (3d Cir. 2010) (nonprecedential) (citing Okereke, 307 F.3d at 120-21).

Judge Mehalchick determined that the petitioner cannot proceed with

4

the instant action, in which he challenges the validity of his conviction and sentence, without first demonstrating that §2255 is inadequate or ineffective to test the legality of his detention. Judge Mehalchick found that neither the fact that the petitioner's prior §2255 motion was denied, nor the fact that the petitioner has been denied pre-authorization from the Court of Appeals to file a second or successive §2255 motion is sufficient for the petitioner to meet his burden. Although the petitioner contends that §2255 is inadequate or ineffective to test the legality of his detention, Judge Mehalchick concluded that he has not made the requisite showing that some limitation of scope or procedure would prevent a §2255 proceeding from affording him the opportunity to challenge his conviction.

The petitioner has filed objections to Judge Mehalchick's report. When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review *de novo* those portions of the report to which objections are made. 28 U.S.C. §636(b)(1); Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. Rieder v. Apfel, 115 F.Supp.2d 496, 499 (M.D.Pa. 2000) (citing United States v. Raddatz, 447 U.S. 667, 676 (1980)).

For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see also Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp.2d 465, 469 (M.D.Pa. 2010) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

Upon review, the petitioner's objections are insufficient to invalidate the findings of Judge Mehalchick. In his objections, the petitioner argues that a §2255 motion is inadequate or ineffective to test the validity of his conviction and sentence because he is barred from raising his claims through such a motion. He further argues that he has had a motion for reduction of sentence pursuant to 18 U.S.C. §3582(c) pending in the Northern District of Alabama since September of 2017 which the court is without jurisdiction to decide. Finally, he argues that Judge Mehalchick failed to address the fact that he is factually innocent and that the sentence imposed upon him exceeded the

statutory maximum. As outlined above, the circumstances which fall within the savings clause provision of §2255 and allow a petitioner to proceed by way of §2241 are quite limited. None of the arguments raised in the petitioner's objections are sufficient to bring this action within the savings clause provision of §2255(e) so as to render this action properly filed as a §2241 petition. As such, the petitioner's objections will be overruled and Judge Mehalchick's report will be adopted in its entirety. An appropriate order shall issue.

s/ *Malachy E. Mannion*  
**MALACHY E. MANNION**  
**United States District Judge**

**Date: April 12, 2019**

19-250-01.wpd

7